# UNITED STATES DISTRICT COURT FOR THE

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 3:19-bk-030088 DM |
| **PG&E CORPORATION,** | Chapter 11 |
| -and- | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| **Debtors.** | **ORDER FOR APPOINTMENT OF A SPECIAL MASTER PURSUANT TO FED. R. CIV. PROC. 53** |
| ☐ **Affects PG&E Corporation**<br>☐ **Affects Pacific Gas and Electric Company**<br>☒ **Affects both Debtors** | |
| *All papers shall be filed in the Lead Case, No. 19-30088 (DM). | |

## APPOINTMENT OF SPECIAL MASTER

1. Upon consideration of the motion of the Trustee of the PG&E Fire Victim Trust (the "**Fire Victim Trust**") for withdrawal of the reference and to appoint a Special Master, the motion is hereby granted to the extent herein provided.[1]

2. The reference to the bankruptcy court is withdrawn pursuant to 28 U.S.C. § 157(d) solely for the purpose of the Trustee's motion for the appointment of a Special Master.

---

[1] Capitalized terms used but not herein defined shall have the meanings ascribed to them in the PG&E Fire Victim Trust Agreement.

3. The Court deems it necessary and desirable to appoint the Hon. Ellen Sickles James (Ret.) as Special Master in this matter.

4. The Special Master's appointment will become effective upon her filing an affidavit disclosing that there is no ground for disqualification under 28 U.S.C.§ 455. *See* Fed. R. Civ. P. 53(a)(2) & (b)(3).

5. Unless her service is earlier terminated by the Court, the Special Master shall serve until the Trustee notifies the Court that all Fire Victim Claims duly filed with the Trust on behalf of Protected Person have been liquidated, approved or disallowed, accepted, and paid to the extent possible based upon Trust assets available through the Plan and as provided in this Trust Agreement; provided, however, the Trustee may seek the appointment to continue for a longer period for good cause shown.

6. The Special Master shall proceed with all reasonable diligence to perform her duties. *See* Fed. R. Civ. P. 53(b)(2).

7. Specifically, the Trustee requests the Court to appoint the Special Master to perform the following duties:

(a) To assess whether, in advance or and in conjunction with the CRP process, a *guardian ad litem* must be appointed for a Protected Person on whose behalf a Fire Victim Claim has been submitted in order to make decisions regarding participation in the dispute resolution process and to oversee such appointment as necessary;

(b) For any Protected Person entitled payment of a Claim Determination Amount who represented by an attorney, to obtain disclosure of the following matters: by whom and the terms under which the attorney was employed; whether the attorney has received or expects to receive any compensation, from whom, and the amount;

(c) To propose, or review the measures proposed by a *guardian ad litem*, guardian or other authorized representative of the Protected Person for the protection of a

|   |   | Protected Person's interests in a Claim Determination Amount, such as the creation and maintenance of a blocked account; |
|---|---|---|
|   | (d) | To determine whether proposed measures to protect a Protected Person's interests in Claim Determination Amount are at least as protective as measures used by California state courts for such purposes and are otherwise consistent with federal and law and, on such basis, to issue orders approving such measures. |
|   | (e) | To issue orders determining the reasonableness of attorneys' fees and allowing or restricting the payment of attorneys' fees and other costs and expenses from any Claims Determination Amount; |
|   | (f) | To propose procedures for obtaining authorization of disbursements from any account established for a Protected Person and to recommend the adoption of such procedures to the Claims Administrator; |
|   | (g) | To make findings and recommendations for measures to protect the interests of Protected Persons who are Beneficial Owner of Claims and to report such findings to the Claims Administrator and the Trustee, including, in the interests of efficiency, omnibus measures to be generally applicable to disbursements to or on behalf of Protected Persons; |
|   | (h) | To oversee the implementation of any measures approved by the Court for the protection of Protected Persons and to issue orders enforcing such protective measures; and |
|   | (i) | To make periodic reports to the Claims Administrator and the Trustee setting forth the findings and recommendations referred to hereinabove and concerning such other matters as the Court or the Trustee shall request. |

8. The Special Master shall have the authority to take appropriate measures in compliance with the terms of the Plan, Confirmation Order, Trust Documents and applicable law to perform her/his duties fairly and efficiently, to regulate all proceedings before her and to issue orders necessary to discharge the duties and responsibilities conferred on her. *See* Fed. R. Civ. P. 53(c)(1).

The Special Master may communicate *ex parte* with the Court, Trustee, and Claims Administrator.

9. All orders of the Special Master are final and binding.

10. The Special Master shall be compensated at an hourly rate of $1,100, which compensation shall be paid from assets of the Trust.

**END OF ORDER**

DATED: 12/2/2020

Honorable Haywood S. Gilliam, Jr.
United States District Court Judge