CASE NO. 20-cv-07967-HSG

**BROWN RUDNICK LLP**
David J. Molton (SBN 262075)
(DMolton@brownrudnick.com)
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801

**BROWN RUDNICK LLP**
Joel S. Miliband (SBN 077438)
(JMiliband@brownrudnick.com)
2211 Michelson Drive, Seventh Floor
Irvine, California 92612
Telephone: (949) 752-7100
Facsimile: (949) 252-1514

*Attorneys for Fire Victim Trustee*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| **In re:** | CASE NO. 20-cv-07967-HSG |
| | Bankruptcy Case No. 3:19-bk-030088 DM |
| **PG&E CORPORATION,** | Chapter 11 |
| -and- | |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Lead Case) |
| **Debtors**. | (Jointly Administered) |
| ☐ **Affects PG&E Corporation** | |
| ☐ **Affects Pacific Gas and Electric** | **AGREED MOTION TO SPECIAL MASTER** |
| ☒ **Company Affects both Debtors** | **FOR ESTABLISHMENT OF AN INDIVIDUAL FIRM QUALIFIED SETTLEMENT FUND** |
| *\*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | |

**SPECIAL MASTER ORDER NO. 1**

**Procedure for Filing Qualified Settlement Fund Motions**

This matter comes before the Special Master, the Hon. Ellen Sickles James (Ret.), on the issue of the procedure to be followed when filing motions to establish a qualified settlement fund on an individual firm basis for one or more Fire Victim Claimants, some of who may be minors or adult persons with a disability ("Protected Persons"):

1. When an individual firm determines it would like to establish a qualified settlement fund (which is not a requirement of the Fire Victim Trust), the motion to establish a qualified settlement fund shall be filed with the Special Master. By Order of this Court on December 2, 2020, the Special Master was appointed by the Honorable Haywood S. Gilliam, Jr. to propose, implement and enforce measures and procedures necessary for the protection of the financial interests of Protected Persons in funds disbursed to satisfy their claims and otherwise to protect the interests of such persons consistent with Fed. R. Civ. Proc. 17(c), federal law, the Plan and the Trust Agreement. Pursuant to the aforementioned Order, the Special Master has the authority to take appropriate measures in compliance with the terms of the Plan, Confirmation Order, Trust Documents and applicable law to perform her duties fairly and efficiently, to regulate all proceedings before her and to issue orders necessary to discharge the duties and responsibilities conferred on her. *See* Fed. R. Civ. P. 53(c)(1). More specifically, the aforementioned Order appoints the Special Master with the duty to "[t]o make findings and recommendations for measures to protect the interests of Protected Persons who are Beneficial Owner of Claims and to report such findings to the Claims Administrator and the Trustee, including, in the interests of efficiency, omnibus measures to be generally applicable to disbursements to or on behalf of Protected Persons", and; "[t]o oversee the implementation of any measures approved by the Court for the protection of Protected Persons and

CASE NO. 20-cv-07967-HSG
PROPOSED SPECIAL MASTER ORDER FOR QSF MOTION PROCEDURES

to issue orders enforcing such protective measures."   Accordingly, when an individual firm determines it would like to establish a qualified settlement fund the following procedure shall be followed:

     1) The motion shall be made using the form attached hereto as Exhibit 1;

     2) The motion shall include a "Related Cases Exhibit" as Appendix A identifying all of the Fire Victim Claimant ID's (which filed timely Proof of Claim) for the individual firm arising from the 2015 Butte Fire, 2017 North Bay Fires, and 2018 Camp Fire ["Included Fires"];

     3) The motion for establishment of a qualified settlement fund must be filed with the Special Master directly, must indicate that it is applicable to the Fire Victim Claimant ID's listed in the "Related Claims Exhibit" and must bear the following caption:

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| **In re:** | CASE NO. 20-cv-07967-HSG |
| **PG&E CORPORATION,** | Bankruptcy Case No. 3:19-bk-030088 DM |
| -and- | Chapter 11 |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Lead Case) |
| **Debtors.** | (Jointly Administered) |
| ☐ **Affects PG&E Corporation**<br>☐ **Affects Pacific Gas and Electric Company**<br>☒ **Affects both Debtors**<br>***All papers shall be filed in the Lead Case, No. 19-30088 (DM).*** | **AGREED MOTION TO SPECIAL MASTER FOR ESTABLISHMENT OF AN INDIVIDUAL FIRM QUALIFIED SETTLEMENT FUND** |

     4) The "Related Claims Exhibit" (Appendix A) shall then identify all the Fire Victim Claimant IDs which are being represented by the individual firm.

PROPOSED SPECIAL MASTER ORDER FOR QSF MOTION PROCEDURES

5) All motions and accompanying documents shall be treated as if filed directly with the Court under seal.

6) The Order will be issued under seal and will be provided by the Special Master to counsel of record related to the Fire Victim Claimant IDs to which the corresponding motion pertains.

**IT IS SO ORDERED:**

Dated:    January 22, 2021

Honorable Ellen Sickles James (Ret.)
Special Master

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit 1

CASE NO. 20-cv-07967-HSG
PROPOSED SPECIAL MASTER ORDER FOR QSF MOTION PROCEDURES

1
2

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

3

**In re:**

CASE NO. 20-cv-07967-HSG

4

**PG&E CORPORATION,**

Bankruptcy Case No. 3:19-bk-030088 DM

5

-and-

Chapter 11

6
7

**PACIFIC GAS AND ELECTRIC
COMPANY,**

(Lead Case)

8

**Debtors.**

(Jointly Administered)

9
10
11
12

☐ **Affects PG&E Corporation**
☐ **Affects Pacific Gas and Electric Company**
☒ **Affects both Debtors**

***All papers shall be filed in the Lead Case, No. 19-30088 (DM).***

**AGREED MOTION TO SPECIAL MASTER FOR ESTABLISHMENT OF AN INDIVIDUAL FIRM QUALIFIED SETTLEMENT FUND**

13
14

**AGREED MOTION FOR ESTABLISHMENT OF [FIRM NAME] QUALIFIED
SETTLEMENT FUND (FILED UNDER SEAL)**

15

Plaintiffs, clients of the law firm of FIRM NAME ("[FIRM NAME] Plaintiffs") (which

16

includes all Claimants listed by Claimant ID in Appendix A, who have Approved Fire Victim Claims

17

(pursuant to the PG&E Fire Victim Trust Agreement dated as of July 1, 2020, confirmed by an order

18

entered on June 20, 2020 [Docket No. 8053] (the "Confirmation Order") by the United States

19

Bankruptcy Court for the Northern District of California (the "Bankruptcy Court") in the chapter 11

20

cases of PG&E Corporation ("PG&E Corp") and Pacific Gas and Electric Company (the "Utility")

21

(collectively, the "Debtors," "PG&E," or the "Settlors"), jointly administered under Case No. 19-

22

30088)) by and through their counsel move the Special Master for an Order to: (i) establish an

23

individual firm Qualified Settlement Fund, which shall be called the [FIRM NAME] FVT Settlement

24

Fund (the "Fund"); and (ii) to appoint an administrator for this individual firm Fund.  In support of

25
26

this Motion, Plaintiffs respectfully state as follows:

27
28

6

CASE NO. 20-cv-07967-HSG

1.      Following the Northern California wildfires in 2015 to 2018, PG&E Corporation and Pacific Gas and Electric Company jointly filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the Northern District of California on January 29, 2019 (*In re PG&E Corporation and Pacific Gas and Electric Company*, Bankruptcy Case No. 19-30088). The Debtors' Plan of Reorganization under Chapter 11 of the United States Bankruptcy Code was confirmed by the Bankruptcy Court for the Northern District of California on June 20, 2020, Case No. 19-30088, Docket No. The Plan became effective and the Fire Victim Trust was formed on July 1, 2020. The Fire Victim Trust will evaluate, administer, process and resolve eligible claims arising from the 2015 Butte Fire, 2017 North Bay Fires, and 2018 Camp Fire ("Included Fires"). [FIRM NAME] Claimants are seeking damages as a result of these wildfires, including destruction or damage to real estate and personal property, additional living expenses, lost wages, business losses, personal injury or death and related medical expenses, and emotional distress.

2.      The United States Bankruptcy Court for the Northern District of California appointed the Honorable John K. Trotter (ret.) as the Trustee of the Fire Victim Trust and Cathy Yanni as the Claims Administrator of the Fire Victim Trust. Plaintiffs, by and through counsel, have conferred with the Trustee and Administrator of the Fire Victim Trust and the Trustee and Administrator have no objection to this filing and to the relief sought herein.

3.      At this time, due to such matters as certain healthcare lien repayments, minor compromise procedures, the need to preserve governmental entitlement benefits (*e.g.*, the need for the establishment of special needs trusts for certain claimants) and related payment details, many of which impact the distributions to Fire Victim Claimants who may be minors or adult persons with a disability ("Protected Persons"), the exact distribution of settlement funds to the [FIRM NAME] Claimants cannot be finalized. Hence, in the best interest of such Claimants that the Court, by and

through Special Master Ellen Sickles James with whom the Court has granted authority to issue orders necessary to discharge the duties and responsibilities conferred on her, should establish this individual firm Fund to receive funds from the Fire Victim Trust satisfying these FVT Claims and allowing for the final disbursement of settlement funds to the [FIRM NAME] Claimants.

4. For those satisfying the requirements for payment under the Fire Victim Trust, including the provision of a release as required by the Fire Victims Trust, the Claims Processor BrownGreer will issue Disbursement Lists for the distribution of funds from the Fire Victim Trust. The distribution of funds from the Fire Victim Trust for [FIRM NAME's] Claimants will be made to the individual [FIRM's NAME's] FVT Settlement Fund, for payment on behalf of the Trustee. The Disbursements Lists referred to above will include this Fund's account information. All settlement payment obligations of the Fire Victim Trust to the identified Claimants are satisfied once the settlement payments are transferred from the Fire Victim Trust to the [FIRM NAME] FVT Settlement Fund, which is the subject of this motion. Neither the Trustee, Claims Administrator nor Claims Processor (nor any Settlor of the Trust, members of the Fire Victim Trust Oversight Committee nor any other Vendor associated with the Trust Agreement) shall have any responsibility for the funds in the [FIRM NAME] FVT Settlement Fund, its investments, administration or disbursements therefrom. For the avoidance of doubt, the Trustee, Claims Administrator, Claim Processor, Trust Oversight Committee and all other vendors associated with the Fire Victim Trust shall have no responsibility for the administration of the [FIRM NAME] FVT Settlement Fund and shall have no liability to the Plaintiffs and Claimants in connection with such administration.  The Fire Victims Trust Claim Processor or its designee shall cooperate to the extent reasonably necessary to provide information reasonably necessary for the [Firm Name] FVT Settlement Fund Administrator to complete the Fund's accounting.  Aside from the foregoing sentence and subject to all rights and

provisions of Fire Victim Trust Agreement, no relationships or responsibilities are created hereby between Fire Victim Trust and the [FIRM NAME] FVT Settlement Fund and its Administrator.

5.       The Fund shall be a Qualified Settlement Fund as described in Treas. Reg. Section 1.468B-1, established by order of this Court, by and through Special Master Ellen Sickles James, and the Fund shall remain subject to the continuing jurisdiction of this Court.

6.       This Court has jurisdiction over this matter under Treas. Reg. Section 1.468B-1(c)(1), which states in relevant part that a Qualified Settlement Fund "is established pursuant to an order of, or is approved by, the United States, any state (including the District of Columbia), territory, possession, or political subdivision thereof, or any agency or instrumentality (including a court of law) . . . and is subject to the continuing jurisdiction of that governmental authority."

7.       [FIRM NAME] Claimants request that the Court approve the engagement of [ADMINISTRATOR NAME] as the "Fund Administrator" and "Trustee" of the [FIRM NAME] FVT Settlement Fund (the "Fund Administrator"). [ADMINISTRATOR NAME]'s address is as follows: [ADDRESS]. [ADMINISTRATOR NAME] submits personally to the jurisdiction of this Court. Upon the dissolution or bankruptcy of [ADMINISTRATOR NAME], its appointment as Fund Administrator shall terminate and the [FIRM NAME] Plaintiffs and Claimants will seek Court approval of their nominated successor Fund Administrator.

8.       Until such time that the distribution of the Total Settlement Proceeds from the [FIRM NAME] FVT Settlement Fund can be identified, [FIRM NAME], no settlement monies shall be set apart for a [FIRM NAME] Claimant, or otherwise made available so that he or she may draw upon or otherwise control said settlement monies.

9.      The Fund, by and through the Fund Administrator, shall only make payments to [FIRM NAME] or the [FIRM NAME] Claimants, or such other claimants to the Fund with valid claims and / or liens.

10.     The Fund, by and through the Fund Administrator, may purchase and assign any structured settlements created under any Release Agreements. Any structured settlement annuity contract shall be issued by a life insurance company that is rated A+ or better by A.M. Best Company.[1]

11.     The claims made against the Fire Victim Trust are made on account of various damages articulated above and arise out of alleged liability in tort or violation of law. The [FIRM NAME] Claimants shall agree in writing to discharge the Fund and the Fund Administrator's liabilities in the making of any structured settlement payments, also known as periodic payments, by executing, along with the Fund Administrator, any necessary documents required or related to the discharge of those liabilities.

12.     The Total Settlement Proceeds are the sole property of the Fund. Until such time as monies are distributed, the [FIRM NAME] Claimants shall not possess any rights to demand or receive any portion of the Total Settlement Proceeds or the escrowed funds or to mortgage, pledge, or encumber the same in any manner. To the extent possible, this Motion shall be construed so as to prevent the [FIRM NAME] Claimants from being in constructive receipt, as determined under federal income tax principles, of any amounts held by the Fund.

13.     The Fund Administrator shall be indemnified and held harmless by the [FIRM NAME] Claimants from any claims made by any alleged lien holder, or other person or entity that attempts to

---

[1] Structured Settlement Payments are assigned to a qualified assignee by entering into qualified assignments of such structured settlement payments within the meaning of Section 130(c) of the Internal Revenue Code. The qualified assignee shall, respecting each person who is to receive periodic payments under a settlement agreement, purchase one or more qualified funding assets within the meaning of Section 130(d) of the Internal Revenue Code to fund any structured settlement payments assigned to the qualified assignee.

assert a right of payment, reimbursement or garnishment against the Fund. Should the Fund Administrator be named as a party to, or threatened to be made a party to, any threatened, pending or completed action, suit or proceeding of any kind, whether civil, administrative or arbitrative, and whether brought by or against or otherwise involving the Fund, by reason of the Fund Administrator having served in any capacity on behalf of the Fund, the Fund Administrator shall be indemnified and held harmless by the Plaintiffs and Claimants against reasonable expenses, costs and fees (including attorneys' fees), judgment, awards, costs, amounts paid in settlement, and liabilities of all kinds incurred by the Fund Administrator in connection with or resulting from such actual or threatened action, suit or proceeding; except to the extent that it is finally determined by this Court that the Fund Administrator was grossly negligent or acted with willful misconduct in connection with the administration of this Fund.

14.     [FIRM NAME] shall be indemnified and held harmless by the Fund Administrator from any claims which arise from the negligence or willful misconduct of the Fund Administrator as determined by this Court. Should [FIRM NAME] be named as a party to, or threatened to be made a party to, any threatened, pending or completed action, suit or proceeding of any kind, whether civil, administrative or arbitrative, by reason of the Fund Administrator's negligence or willful misconduct, [FIRM NAME] shall be indemnified and held harmless by the Fund Administrator against reasonable expenses, costs and fees (including attorneys' fees), judgment, awards, costs, amounts paid in settlement, and liabilities of all kinds incurred by [FIRM NAME] in connection with or resulting from such actual or threatened action, suit or proceeding.

15.     The [FIRM NAME] Claimants request that no bond be required, provided that all monies received by the Fund, which includes all principal and interest earned thereon, shall be deposited in an investment agency account held in custody at [BANK NAME] for the benefit of and

titled in the legal name of the Fund and invested in instruments/securities comprised of (a) United States Agency, Government Sponsored Enterprises or Treasury securities or obligations (or a mutual fund invested solely in such instruments) (b) cash equivalent securities including SEC registered money market funds and collateralized money market accounts; and/or (c) non- interest bearing corporate accounts subject to unlimited Federal Depository Insurance Corporation protections as available. The Fund shall be held at [BANK NAME], a financial institution doing business in [CITY], [STATE] according to the above terms and conditions [BANK NAME] shall be responsible for any and all investment related decisions, following the instructions of the Fund Administrator and/or its investment advisor pursuant to these terms and conditions, such that a principal preservation driven investment policy is implemented. Notwithstanding the foregoing, [BANK NAME] shall not be allowed to distribute any income or principal from the Fund except upon instructions of the Fund Administrator, or, if requested, upon the order of this Court upon the joint motion of the parties. The Fund Administrator retains the right to remove [BANK NAME], with or without cause, in its sole and absolute discretion. The Fund Administrator may designate a replacement bank upon the written consent of the [FIRM NAME] Claimants and [FIRM NAME]. In the event of such replacement, the terms and conditions of this paragraph 16, including without limitation, those addressing bond requirements, investments, and distributions from the Fund, shall apply to any such replacement bank.

      16.     The Fund Administrator is permitted to distribute all excess interest accrued to the Fund, after the payment of all fees associated with the administration of the Fund, related expenses and related taxes, to the claimants on a pro rata basis. For example, if there are four claimants involved in a settlement, with each claimant possessing a 25% interest in the Total Settlement Proceeds, and the fund possesses $100 in accrued interest, after the payment of administration and other fees, expenses and taxes, the $100 would be split evenly among the four claimants. As the example

indicates, each Claimant's share of the excess accrued interest is strictly correlated to their respective percentage interest in the Total Settlement Proceeds.

17.     The Fund Administrator shall be authorized to distribute all attorneys' fees and litigation expenses to counsel for Claimants, consistent with existing contingency fee contracts or, to the extent required by law, and, where required by law such as for a Protected Person, upon Court approval on motion of [FIRM NAME].

18.     All taxes on the income of the Fund and expenses and costs incurred in connection with the taxation of the Fund (including, without limitation, the expenses of tax attorneys and accountants) shall be paid out of the Fund, shall be considered to be a cost of administration of the settlement, and shall be paid as instructed by the Fund Administrator.

19.     Upon request, the Fund Administrator will prepare and deliver Fund Statements ("Statements") to counsel for the Claimants and/or this Court. The Statements shall include a statement of receipts, investment earnings, and disbursements. The Fund Administrator shall provide the Statement no later than ten (10) business days following the request.

20.     The Fund Administrator shall have the right to rely upon any affidavit, certificate, letter, notice, electronic mail or other document believed by the Fund Administrator to be genuine and sufficient, and upon any other evidence believed by the Fund Administrator, in its reasonable judgment, to be genuine and sufficient, which may be provided to the Fund Administrator by [FIRM NAME].

21.     Upon final distribution of all monies paid into the Fund, the Fund Administrator shall take appropriate steps to wind down the Fund and thereafter be discharged from any further responsibility with respect to the Fund.

22.     The Fund Administrator will obtain a Federal Taxpayer Identification Number for the [FIRM NAME] FVT Settlement Fund upon the execution of an Order by this Court establishing the Fund.

**WHEREFORE**, [FIRM NAME] Plaintiffs and Claimants respectfully request that the Court, by and through the Special Master Ellen Sickles James with whom the Court has granted authority to issue orders necessary to discharge the duties and responsibilities conferred on her, consent to take continuing jurisdiction over the Fund pursuant to Treas. Reg. Section 1.468B-1(c)(1), and issue an Order which:

1.     Establishes said Fund as a Qualified Settlement Fund within the meaning of Treasury Regulation Section 1.468B-1;

2.     Appoints [ADMINISTRATOR NAME] as Fund Administrator and Trustee pursuant to the terms, conditions and restrictions of this Motion, thereby granting the Fund Administrator the authority to conduct any and all activities necessary to administer this Fund as described in this Motion;

3.     Authorizes the Fund Administrator to effect qualified assignments of any resulting structured settlement liability within the meaning of Section 130(c) of the Internal Revenue Code to the qualified assignee;

4.     Authorizes the Fund Administrator to distribute all attorneys' fees and litigation expenses to counsel for [FIRM NAME] Claimants, consistent with their existing contingency fee contracts, or to the extent required by law, and, where required by law such as for a Protected Person, upon Court approval on motion of [FIRM NAME];

5.      Authorizes the Fund Administrator, upon final distribution of all monies paid into the Fund, to take appropriate steps to wind down the fund and thereafter discharging the Fund Administrator from any further responsibility with respect to the Fund; and

6.      Places this Motion, the Court Order, and any other filings related to the [FIRM NAME] FVT Settlement Fund under seal.

**DATED** this _____th day of_____, 202_

Respectfully submitted,

s/ [Name]_____

Name of Counsel [attorney bar number, if applicable]
Firm Name
Address
City, State, Zip Code
Phone: (xxx) xxx-xxxx
Fax: (xxx) xxx-xxxx
E-mail: xxx@xxx.xxx

**Attorneys for Plaintiffs**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on _____, 202__, a copy of foregoing **AGREED MOTION TO ADMINISTER SETTLEMENTS RESOLVING CASES AND CLAIMS OF [FIRM NAME] PLAINTIFFS]** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

s/ [Name of Password Registrant]

Name of Password Registrant [attorney bar number, if applicable]
Firm Name
Address
City, State, Zip Code
Phone: (xxx) xxx-xxxx
Fax: (xxx) xxx-xxxx
E-mail: xxx@xxx.xxx

**Attorneys for Plaintiffs**

16

1
2

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

3  **In re:**

4  **PG&E CORPORATION,**

5                    -and-

6  **PACIFIC GAS AND ELECTRIC**
7  **COMPANY,**

8                    **Debtors.**

CASE NO. 20-cv-07967-HSG

Bankruptcy Case No. 3:19-bk-030088 DM

Chapter 11

(Lead Case)

(Jointly Administered)

9  ☐ **Affects PG&E Corporation**
   ☐ **Affects Pacific Gas and Electric Company**
10 ☒ **Affects both Debtors**

11 ***All papers shall be filed in the Lead Case, No.***
12 ***19-30088 (DM).***

**ORDER FOR ESTABLISHMENT OF AN**
**INDIVIDUAL FIRM QUALIFIED**
**SETTLEMENT FUND**

13

14  [PROPOSED ORDER] FOR ESTABLISHMENT OF [FIRM NAME] QUALIFIED
       SETTLEMENT FUND (FILED UNDER SEAL)

15
16          Upon Motion of [FIRM NAME] and for good cause shown, the Special Master hereby Orders

17  as follows:

18          1.          In order to assist in the administration of the settlement of claims brought by the clients

19  of the law firm of [FIRM NAME] (which includes all Claimants listed by Claimant ID in Appendix

20  A, who have Approved Fire Victim Claims), the [FIRM NAME] FVT Settlement Fund shall be

21  established as a Qualified Settlement Fund within the meaning of Treasury Regulation Section

22  1.468B-1, pursuant to this Court's continuing jurisdiction and consistent with Treas. Reg. Section

23  1.468B-1(c)(1). All settlements reached by and between Claimants who are represented by [FIRM

24  NAME] and the Fire Victims Trust shall be paid into the [FIRM NAME] FVT Settlement Fund.  The

25  Trustee, Claims Administrator, Claim Processor, Trust Oversight Committee and all other vendors

26

27

28
                                        17                    CASE NO. 20-cv-07967-HSG

associated with the Fire Victim Trust, without limitation, shall have no liability with regard to the conduct of the Fund Administrator or to the [FIRM NAME] FVT Settlement Fund itself. The Fire Victim Trust's [including without limitation the aforementioned Trustee, Administrator, Processor, Committee and all other associated vendors] liability to the Claimants and Plaintiffs shall terminate with payments into the [FIRM NAME] FVT Settlement Fund.

2.      [ADMINISTRATOR NAME] is appointed as Fund Administrator and Trustee, shall serve without bond, and shall serve pursuant to the terms, conditions and restrictions of the Motion to Establish Qualified Settlement Fund and said Fund Administrator is given the authority to conduct any and all activities necessary to administer this Fund as described in the Motion.

3.      No bond is required, provided that all monies received by the [FIRM NAME] FVT Settlement Fund, which includes all principal and interest earned thereon, shall be deposited in an investment agency account held in custody at [BANK NAME] for the benefit of and titled in the legal name of the Fund and invested in instruments/securities comprised of (a) United States obligations (or a mutual fund invested solely in such instruments) (b) cash equivalent securities including SEC registered money market funds and collateralized money market accounts; and / or (c) non-interest bearing corporate accounts subject to unlimited Federal Depository Insurance Corporation protections as available. The [FIRM NAME] FVT Settlement Fund shall be held at [BANK NAME], a financial institution doing business in [CITY], [STATE] according to the above terms and conditions. [BANK NAME] shall be responsible for any and all investment related decisions, following the instructions of the Fund Administrator and/or its investment advisor pursuant to these terms and conditions, such that a principal preservation driven investment policy is implemented. Notwithstanding the foregoing, [BANK NAME] shall not be allowed to distribute any income or principal from the Fund except upon instructions of the Fund Administrator, or, if requested, upon the order of this Court upon the joint

motion of the parties. The Fund Administrator retains the right to remove [BANK NAME], with or without cause, in its sole and absolute discretion. The Fund Administrator may designate a replacement bank upon the written consent of the [FIRM NAME] Claimants and [FIRM NAME]. In the event of such replacement, the terms and conditions of this Order, including without limitation, those addressing bond requirements, investments, and distributions from the Fund, shall apply to any such replacement bank.

4.     The Fund Administrator is authorized to effect qualified assignments of any resulting structured settlement liability within the meaning of Section 130(c) of the Internal Revenue Code to the qualified assignee.

5.     The Fund Administrator is authorized to distribute all attorneys' fees and litigation expenses to counsel for those [FIRM NAME] Claimants listed in the Appendix consistent with their existing contingency fee contracts or to the extent required by law, and, where required by law such as for a Protected Person, upon Court approval on motion of [FIRM NAME];

6.     The Fund Administrator is authorized, upon final distribution of all monies paid into the Fund, to take appropriate steps to wind down the fund, and thereafter the Fund Administrator is discharged from any further responsibility with respect to the Fund.

7.     This Order and any other filings related to the [FIRM NAME] FVT Settlement Fund are placed under seal.

**IT IS SO ORDERED**

DATED: _____

_____
Honorable Ellen Sickles James (Ret.)
Special Master

**APPENDIX A**

| | Claimant Name | FVT Claimant ID # |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |
| 6. | | |
| 7. | | |
| 8. | | |
| 9. | | |
| 10. | | |
| 11. | | |
| 12. | | |
| 13. | | |
| 14. | | |
| 15. | | |
| 16. | | |
| 17. | | |
| 18. | | |
| 19. | | |
| 20. | | |
| 21. | | |
| 22. | | |
| 23. | | |
| 24. | | |

**PROOF OF SERVICE**

**STATE OF CALIFORNIA**

**COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Orange, State of California. My business address is Von Karman Towers, Seventh Floor, 2211 Michelson Drive, Irvine, California 92612.

On February 25, 2021, I served true copies of the following document(s) described as**: SPECIAL MASTER CASE MANAGEMENT ORDER** on the interested parties in this action as follows:

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** On February 25, 2021, I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

SEE ATTACHED SERVICE LIST

SERVED **BY UNITED STATES MAIL**: On February 25, 2021, I caused to be served the following persons and/or entities at the last known addresses in this proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

SEE ATTACHED SERVICE LIST

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on February 25, 2021, at Irvine, California.

/s/Jeannie Mendez
JEANNIE MENDEZ

1

**ADDITIONAL SERVICE INFORMATION (if needed):**

2

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (Con't)**

3

4
- **Paul S. Aronzon**
  paronzon@milbank.com

5
- **Lauren T. Attard**
  lattard@bakerlaw.com,agrosso@bakerlaw.com

6

7
- **Chris Bator**
  cbator@bakerlaw.com

8
- **James Cornell Behrens**
  jbehrens@milbank.com,CPrice@milbank.com,MKoch@milbank.com

9

10
- **Peter J. Benvenutti**
  pbenvenutti@kellerbenvenutti.com

11
- **Jason Blumberg**
  jason.blumberg@usdoj.gov

12

13
- **Lee Brand**
  lee.brand@pillsburylaw.com,docket@pillsburylaw.com

14
- **Gregory Allan Bray**
  gbray@milbank.com,gregory-bray-5961@ecf.pacerpro.com,autodocketecf@milbank.com

15

16
- **Timothy G. Cameron**
  tcameron@cravath.com

17
- **Erin Elizabeth Dexter**
  edexter@milbank.com

18

19
- **Dustin Matthew Dow**
  ddow@bakerlaw.com

20
- **Cecily A. Dumas**
  cdumas@bakerlaw.com,hhammonturano@bakerlaw.com

21

22
- **Dennis F. Dunne**
  Ddunne@milbank.com,dennis-dunne-
  6328@ecf.pacerpro.com,autodocketecf@milbank.com

23

24
- **Joseph M. Esmont**
  jesmont@bakerlaw.com

25
- **Jared R Friedmann**
  jared.friedmann@weil.com,mco.ecf@weil.com,jared-friedmann-8255@ecf.pacerpro.com

26

27
- **Lars H. Fuller**
  lfuller@bakerlaw.com

28

63933039 v1-035945/0002

1

**ADDITIONAL SERVICE INFORMATION (if needed):**

2

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (Con't)**

3

4
- **Eric R. Goodman**
  egoodman@brownrudnick.com

5
- **Elizabeth A. Green**
  egreen@bakerlaw.com

6

7
- **Cameron Gulden**
  cameron.m.gulden@usdoj.gov

8
- **Robert Alan Julian , Esq**
  rjulian@bakerlaw.com,hhammonturano@bakerlaw.com

9

10
- **Elyssa S. Kates**
  ekates@bakerlaw.com

11
- **Tobias S. Keller**
  tkeller@kbkllp.com

12

13
- **Lynette C. Kelly**
  ustpregion17.oa.ecf@usdoj.gov

14
- **Samuel A. Khalil**
  skhalil@milbank.com

15

16
- **Jane Kim**
  jkim@kbkllp.com

17
- **Kody D.L. Kleber**
  kkleber@bakerlaw.com

18

19
- **Katherine B Kohn**
  kkohn@groom.com

20
- **Thomas R. Kreller**
  tkreller@milbank.com,thomas-kreller-

21
  4240@ecf.pacerpro.com,autodocketecf@milbank.com

22
- **Timothy S. Laffredi**
  timothy.s.laffredi@usdoj.gov

23

24
- **Andrew Michael Leblanc**
  ALeblanc@milbank.com,andrew-leblanc-

25
  7769@ecf.pacerpro.com,autodocketecf@milbank.com

26
- **David Levine**
  dnl@groom.com

27
- **John H. MacConaghy**
  macclaw@macbarlaw.com

28

63933039 v1-035945/0002

**ADDITIONAL SERVICE INFORMATION (if needed):**

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (Con't)**

- **Joel S. Miliband**
  jmiliband@brownrudnick.com,mlaclair@brownrudnick.com

- **David J. Molton**
  dmolton@brownrudnick.com

- **Kimberly S. Morris**
  kmorris@bakerlaw.com,hhammonturano@bakerlaw.com

- **Omid H. Nasab**
  onasab@cravath.com,mao@cravath.com

- **Kevin Orsini**
  korsini@cravath.com,mao@cravath.com,jlewandowski@cravath.com

- **David John Richardson**
  drichardson@bakerlaw.com

- **David B. Rivkin , Jr**
  drivkin@bakerlaw.com

- **Jorian L. Rose**
  jrose@bakerlaw.com

- **Thomas B. Rupp**
  trupp@kbkllp.com

- **Bradley Robert Schneider**
  Bradley.Schneider@mto.com

- **Dara Levinson Silveira**
  dsilveira@kellerbenvenutti.com

- **Richard W. Slack**
  richard.slack@weil.com,mco.ecf@weil.com,richard-slack-7880@ecf.pacerpro.com

- **Alan J. Stone**
  astone@milbank.com,autodocketecf@milbank.com,alan-stone-1208@ecf.pacerpro.com

- **Marta Elena Villacorta**
  marta.villacorta@usdoj.gov

- **Catherine E. Woltering**
  cwoltering@bakerlaw.com

- **Paul H. Zumbro**
  mao@cravath.com

- **eric E. sagerman**
  esagerman@bakerlaw.com

63933039 v1-035945/0002

1

2 **ADDITIONAL SERVICE INFORMATION (if needed):**

3 **TO BE SERVED BY UNITED STATES MAIL**

4

5 David A. Herman
Cravath, Swaine & Moore LLP

6 825 Eighth Avenue
New York, NY 10019

7 [Ret'd - Unable to Fwd 1-16-21]

8 Theodore Tsekerides, Kevin Kramer,
Ray C. Schrock, Andriana Georgallas,

9 Stuart J. Goldring, Matthew Goren,
Stephen Karotkin & Kevin Bostel,

10 Jesica Liou, John Nolan
Weil, Gotshal & Manges LLP

11 767 Fifth Avenue
New York, NY 10153-0119

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28