**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| **In re:** | CASE NO. 20-cv-07967-HSG |
| **PG&E CORPORATION,** | Bankruptcy Case No. 3:19-bk-030088 DM |
| -and- | Chapter 11 |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Lead Case) |
| | (Jointly Administered) |
| **Debtors.** | |
| ☐ **Affects PG&E Corporation**<br>☐ **Affects Pacific Gas and Electric Corporation**<br>☒ **Affects both Debtors**<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | **ORDER FOR ESTABLISHMENT OF THE 2017 & 2018 N. CAL FIRES V. PG&E QUALIFIED SETTLEMENT FUND** |

Upon Motion of McNicholas & McNicholas, LLP; Bridgford, Gleason, & Artinian; and the Frantz Law Group, APLC (collectively, "the JPA") and for good cause shown, the Special Master hereby Orders as follows:

1.      In order to assist in the administration of the settlement of claims brought by the clients of the law firm of the JPA who hold Approved Fire Victim Claims (as listed in Appendix A hereto[1]), the 2017 & 2018 N. Cal Fires v. PG&E Settlement Fund shall be established as a Qualified Settlement Fund within the meaning of Treasury Regulation Section 1.468B-1, pursuant to this Court's continuing jurisdiction and consistent with Treas. Reg. Section 1.468B-1(c)(1). All settlements reached by and between Claimants who are represented by the JPA and the Fire Victims Trust shall be paid into the 2017 & 2018 N. Cal Fires v. PG&E Settlement Fund. The Trustee, Claims

---

[1] Appendix A, which has been filed under seal with the Special Master, shall not be attached to the copy of this Order that is filed by the JPA on the District Court docket for this case.

Administrator, Claim Processor, Trust Oversight Committee and all other vendors associated with the Fire Victim Trust, without limitation, shall have no liability with regard to the conduct of the Fund Administrator or to the 2017 & 2018 N. Cal Fires v. PG&E Settlement Fund itself. The liability of the Fire Victim Trust, including, without limitation, the aforementioned Trustee, Administrator, Processor, Committee and all other associated vendors, to the Claimants and Plaintiffs shall terminate with payments into the 2017 & 2018 N. Cal Fires v. PG&E Settlement Fund.

2.   ILYM Group, Inc. ("ILYM") is appointed as Fund Administrator and Trustee, shall serve without bond, and shall serve pursuant to the terms, conditions and restrictions of the Motion to Establish Qualified Settlement Fund and said Fund Administrator is given the authority to conduct any and all activities necessary to administer this Fund as described in the Motion.

3.   No bond is required, provided that all monies received by the 2017 & 2018 N. Cal Fires v. PG&E Settlement Fund, which includes all principal and interest earned thereon, shall be deposited in an investment agency account held in custody at Enterprise Bank & Trust for the benefit of and titled in the legal name of the Fund and invested in instruments/securities comprised of (a) United States obligations (or a mutual fund invested solely in such instruments); (b) cash equivalent securities including SEC registered money market funds and collateralized money market accounts; and/or (c) noninterest bearing corporate accounts subject to unlimited Federal Depository Insurance Corporation protections as available. The 2017 & 2018 N. Cal Fires v. PG&E Settlement Fund shall be held at Enterprise Bank & Trust, a financial institution doing business in Clayton, Missouri according to the above terms and conditions. Enterprise Bank & Trust shall be responsible for any and all investment related decisions, following the instructions of the Fund Administrator and/or its investment advisor pursuant to these terms and conditions, such that a principal preservation driven investment policy is implemented. Notwithstanding the foregoing, Enterprise Bank & Trust shall not be allowed to distribute any income or principal from the Fund except upon instructions of the Fund

Administrator, or, if requested, upon the order of this Court upon the joint motion of the parties. The Fund Administrator retains the right to remove Enterprise Bank & Trust, with or without cause, in its sole and absolute discretion. The Fund Administrator may designate a replacement bank upon the written consent of the JPA Claimants and the JPA. In the event of such replacement, the terms and conditions of this Order, including without limitation, those addressing bond requirements, investments, and distributions from the Fund, shall apply to any such replacement bank.

4. The Fund Administrator is authorized to effect qualified assignments of any resulting structured settlement liability within the meaning of Section 130(c) of the Internal Revenue Code to the qualified assignee.

5. The Fund Administrator is authorized to distribute all attorneys' fees and litigation expenses to counsel for those JPA Claimants listed in the Appendix consistent with their existing contingency fee contracts or to the extent required by law, and, where required by law such as for a Protected Person, upon Court approval on motion of the JPA.

6. The Fund Administrator is authorized, upon final distribution of all monies paid into the Fund, to take appropriate steps to wind down the fund, and thereafter the Fund Administrator is discharged from any further responsibility with respect to the Fund.

7. Law Firm shall e-file a copy of this Order on the District Court docket for this case without Appendix A.

8. With the exception of the copy of this Order filed on the District Court docket for this case, this Order and any other filings related to the 2017 & 2018 N. Cal Fires v. PG&E Settlement Fund are placed under seal.

|     |     |
| --- | --- |
| 1   | **IT IS SO ORDERED** |
| 2   | DATED:  August 24, 2021 |
| 3   | */s/ Ellen Sickles James* |
|     | Honorable Ellen Sickles James (Ret.) |
|     | Special Master |